Herman E. Bischoff and Virginia W. Bischoff v. Commissioner.
Bischoff v. Commissioner
Docket No. 3015-64.
United States Tax Court
T.C. Memo 1966-102; 1966 Tax Ct. Memo LEXIS 180; 25 T.C.M. (CCH) 538; T.C.M. (RIA) 66102; May 19, 1966
George A. Dickinson, for the petitioners. John B. Murray, Jr., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a $457.60 deficiency in income tax for 1962 against petitioners, husband and wife, who presently reside in East Chatham, Columbia County, New York. The only issue involves the deductibility of certain alleged business expenses incurred by the husband, a commercial artist. He will hereinafter be referred to as the petitioner. A stipulation of facts filed by the parties is incorporated herein by reference. In 1962 petitioner and his wife resided in Dobbs Ferry, Westchester County, New York, some 24 miles from New York City. During that year, as well as the entire period from August 1952 to January 1965 he was employed in New York City *181 as a television art director by Lennen & Newell, Inc., an advertising firm. His principal source of income during the taxable year was his salary at Lennen & Newell, Inc. During 1962 petitioner was on leave without pay from Lennen & Newell, Inc., for about six months, most of which were spent in Europe. No expenses connected with that trip are involved herein. Petitioner's salary was at the rate of $21,000 a year. He was neither a stockholder nor an officer of Lennen & Newell, Inc., but he had the status of an executive. His work involved the making of drawings, sketches and paintings in connection with proposed television "commercials" for clients of his firm. He had some contacts with those clients. An office memorandum circulated among executives of his company informed them that all executives "are constantly expected to exercise initiative in promotional matters", that the executive's job "is closely interwoven with his social life", that his "salary has been computed taking into consideration that [he] * * * will incur expenses that will not be reimbursed by the company, and yet have a direct bearing on the individual's value to the company." The memorandum further stated: *182 Travel, entertainment, promotional, and other business expenses fall under two general categories - client expenses and new business expenses. The practice with regard to reimbursement of expenses by the company within these two categories is outlined below: CLIENT EXPENSES You will be reimbursed for the expense of luncheons in connection with business meetings, as well as travel, hotel and similar expenses incurred for, or in behalf, of your clients. In the case of substantial expenditures (such as annual plans, convention luncheons), arrangements should be made to have the restaurant bill the company directly. Other expenditures, including gifts to clients, or entertaining in your own home or community, will be paid by you and are not reimbursable expenditures. Exceptions to this policy must be authorized by the President and Treasurer. NEW BUSINESS EXPENSES Expenses of this character are not reimbursable, and will be borne by the individual unless they are authorized by the President and the Treasurer. Petitioner's job was of such character that he frequently was required to meet deadlines that could not be accomplished unless he worked overtime. He was not given *183 additional compensation therefor, since his regular salary was regarded as covering all work called for by his job irrespective of the number of hours devoted thereto. In this connection, he maintained a studio at his home in Dobbs Ferry where he performed work for his employer at night and at other times outside of regular working hours. His employer furnished him with an office or studio in New York City at its regular place of business, and he might have remained there during overtime hours. However, difficulties in obtaining air conditioning in the summer or heat in the winter, after six o'clock in the evening, made it undesirable for petitioner to use these facilities after regular hours, and he also found it more efficient to work at his own studio at home. Had he remained in New York City during the evenings, however, his firm would have paid, to a limited extent, for his dinner and also his hotel room, if required. In petitioners' joint return for 1962, deductions in the total amount of $2,035 were claimed as "Business expenses connected with deriving income". This amount was composed of eight separate items as follows: Art supplies and books
$ 355.00
Studio maintenance
125.00
Telephone
75.00
Cabs, fares and travel
130.00
Gifts and gratuities
150.00
Rent
525.00
Dues and subscriptions
75.00
Entertainment
600.00
$2,035.00
*184 In the determination of the deficiency herein the Commissioner allowed a total of $275 of the foregoing items and disallowed the remaining $1,760. The deductions which he thus allowed were $140 for "Art Supplies and books", $60 for "Cabs, Fares and travel" and $75 for "Dues and subscriptions". The remaining items or portions of items are in dispute herein. Apart from the matter of substantiation, and apart from proper allocation between business and personal purposes, each of the component items in dispute represents expenditures which in our judgment are proximately related to petitioner's trade or business. We had credible evidence as to all of the items, although shaded from time to time in petitioner's favor. We have no doubt that the studio maintained at petitioner's home was used for business purposes. Although his employer did not specifically require him to maintain such facility, it certainly was appropriate to the conduct of his trade or business in the circumstances of this case. Cf. Clarence Peiss, 40 T.C. 78, 83-84. To be deductible as an ordinary and necessary business expense, it is sufficient that the expenditure be "appropriate and helpful" to the *185 conduct of the business; it need not be "required". See Commissioner v. Pacific Mills, 207 F. 2d 177, 180-181 (C.A. 1), affirming 17 T.C. 705; Waring Products Corporation, 27 T.C. 921, 929; Blackmer v. Commissioner, 70 F. 255 (C.A. 2); 4 Mertens, Law of Federal Taxation, sec. 25.09. Cf. Commissioner v. Tellier, 383 U.S. 687, . So too, in respect of petitioner's entertainment and similar expenses, he was not "required" to make expenditures in that connection, but it was "expected" that he do so, and they are therefore deductible to the extent that they were shown to be related to his work for Lennen & Newell, Inc. The amount of allowable deduction, however, is not susceptible of a precisely accurate determination, in view of unsatisfactory substantiation in respect of some items either as to amount or as to allocation between personal and business purposes. But doing the best we can with the evidence at hand, and giving such weight to that evidence in respect of each item in dispute as we think is warranted, we hereby find as a fact (cf. Cohan v. Commissioner, 39 F. 2d 540, 544 (C.A. 2)) that, of the amounts *186 claimed on the return the following represent expenditures actually made by petitioner that were proximately related to his business and therefore properly allowable as deductions: Allow-
Claimed
able
Art supplies and books
$ 355.00
$ 250.00
Studio maintenance
125.00
75.00
Telephone
75.00
25.00
Cabs, fares and travel
130.00
80.00
Gifts and gratuities
150.00
75.00
Rent
525.00
350.00
Dues and subscriptions
75.00
75.00
Entertainment
600.00
200.00
$2,035.00
$1,130.00
Decision will be entered under Rule 50.